IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:24cr297-MHT |
| | ) | (WO) |
| DA'QUARIOUS LAMARION | ) | |
| DUDLEY | ) | |

CORRECTED OPINION AND ORDER

This case is before the court on the motion to
continue trial filed by defendant Da'Quarious Lamarion
Dudley.  For the reasons set forth below, the court
finds that jury trial, now set for January 6, 2025,
should be continued pursuant to 18 U.S.C.
§ 3161(h)(7)(A).

While the granting of a continuance is left to the
sound discretion of the trial judge, *see United States
v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the
court is limited by the requirements of the Speedy
Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a
> defendant charged in an information or

> indictment with the commission of an
> offense shall commence within seventy
> days from the filing date (and making
> public) of the information or
> indictment, or from the date the
> defendant has appeared before a
> judicial officer of the court in which
> such charge is pending, whichever date
> last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Dudley in a speedy trial. Dudley requests that the trial be continued by approximately 30 days. He represents that his case involves serious allegations against him, which require more time to investigate. He further represents that the upcoming holiday schedule will limit his ability to investigate, and then to use his discoveries to decide whether to change his plea, and if necessary, prepare for trial. A continuance is warranted to allow defense counsel the reasonable time necessary to undertake these efforts. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Da'Quarious Lamarion Dudley's unopposed motion to continue trial (Doc. 14) is granted.

(2) The jury selection and trial for defendant Dudley, now set for January 6, 2025, are continued to February 3, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this 3rd day of December, 2024.

    /s/ Myron H. Thompson    
    UNITED STATES DISTRICT JUDGE