IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:24cr297-MHT |
| | ) | (WO) |
| DA'QUARIOUS LAMARION DUDLEY | ) ) | |

OPINION AND ORDER

This case is before the court on the motion to continue trial filed by defendant Da'Quarious Lamarion Dudley. For the reasons set forth below, the court finds that jury trial, now set for February 3, 2025, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

>indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Dudley in a speedy trial. Dudley requests that the trial be continued by approximately 30 days. He represents that, due to a family health emergency, his counsel recently had to travel out of state, and that she will be gone for an undetermined amount of time. Consequently, Dudley submits that his counsel is unable to adequately advise him on whether to change his plea before the upcoming January 13, 2025, change-of-plea deadline passes. A continuance is warranted to allow defense counsel the reasonable time necessary to advise Dudley on whether to change his plea, and should he not change his plea, to prepare adequately for trial. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Da'Quarious Lamarion Dudley's unopposed motion to continue trial (Doc. 20) is granted.

(2) The jury selection and trial for defendant Dudley, now set for February 3, 2025, are continued to April 14, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this 13th day of January, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE